UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CATHERINE MARTIN,<br><br>Plaintiff,<br>v.<br>WALMART INC. and DOES I through X, inclusive,<br><br>Defendants. | Case No. 2:18-cv-02056-MMD-CWH<br><br>ORDER |

This case comes before the Court through Defendant Walmart Inc.'s Petition for Removal. (ECF No. 1.) Plaintiff Catherine Martin filed this action in the Eighth Judicial District Court in Clark County, Nevada, after slipping and falling on a liquid substance near the soda machine in Sam's Club #6257 in Las Vegas, Nevada on November 5, 2016. (ECF No. 1-2 at 3.) Plaintiff asserts claims of negligence; failure to warn; negligent hiring, training, and supervision; and respondeat superior. (*Id.* at 3-5.)

Defendant removed the action on the basis of 28 U.S.C. § 1332. Based on the Court's review of the petition, questions exist as to whether the Court has jurisdiction to hear this claim. *See United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("[T]he district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not."). Defendant bears the burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699-701 (9th Cir. 2007).

The Complaint seeks general damages in excess of $10,000, damages for medical expenses in an amount according to proof, damages for loss of income in an amount according to proof, and reasonable attorney's fees and cost of suit. (ECF No. 1-1 at 5.) Plaintiff's initial disclosures to Defendant specify past medical expenses of $39,050.04 but do not specify the amount of future medical expenses, loss of wages and earning capacity, or loss of household services. (ECF No. 1-4 at 11.) Defendant offers no explanation of how the unspecified expenses bring the amount in controversy above $75,000. (*See* ECF No. 1.) The Court questions whether Defendant has met its burden of demonstrating an adequate amount in controversy.

For these reasons, Defendant will be directed to show cause as to why this action should not be remanded for lack of subject matter jurisdiction. Plaintiff may file a response pursuant to Local Rule 7-2.

It is therefore ordered that, within fifteen days from the entry of this order, Defendant must show cause in writing why this case should not be remanded for lack of subject matter jurisdiction.

DATED THIS 30th day of October 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE