UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| CATHERINE MARTIN, | Case No. 2:18-cv-02056-MMD-CWH |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| WALMART INC. and DOES I through X, inclusive, | |
| Defendants. | |

**I.   SUMMARY**

The Court issued an order to show cause why this action should not be remanded for lack of subject matter jurisdiction on October 30, 2018. (ECF No. 6.) The Court has reviewed Defendant Walmart Inc.'s response (ECF No. 8). For the following reasons, the Court will remand this action.

**II.   LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit at commencement of the action. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Where it is not facially evident from the complaint that $75,000 was in controversy at the time of removal, a defendant seeking removal must prove, by a preponderance of the evidence, that the amount in controversy requirement is met. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

Under a preponderance of the evidence standard, a removing defendant must "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional minimum. *Id.* at 1117 (citations omitted). As to the kind of evidence that may be considered, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Conclusory allegations are insufficient. *Matheson*, 319 F.3d at 1090 (citation omitted).

### III.     DISCUSSION

The Complaint seeks general damages in excess of $10,000, damages for medical expenses in an amount according to proof, damages for loss of income in an amount according to proof, and reasonable attorney's fees and cost of suit. (ECF No. 1-2 at 5.) Plaintiff's initial disclosures to Defendant specify past medical expenses of $39,050.04 but do not specify the amount of future medical expenses, loss of wages and earning capacity, or loss of household services. (ECF No. 1-4 at 11.) Defendant argues that the Court may infer that damages will exceed $75,000 from Plaintiff's allegation that she has suffered "permanent and disabling conditions." (ECF No. 8 at 4-5; ECF No. 1-2 at 5.) Defendant bases its argument on *Martinez v. Wal-Mart Stores, Inc.*, 2:08-cv-01823-RLH-RJJ, ECF No. 11 (D. Nev. May 4, 2009). There, Chief Judge Roger Hunt found that the amount in controversy exceeded $75,000 when Plaintiffs acknowledged that their claims were worth

at least $50,000 and sought compensation for cognitive impairment due to head injury, impairment of earning capacity, future medical treatment, and lost wages. *Id.* The Court finds Defendant's argument unpersuasive. Plaintiff has identified past medical expenses that are less than the $50,000 considered in *Martinez*, and Plaintiff has been less specific about her injuries—she has not alleged in the Complaint that she has suffered cognitive impairment, for instance. Further, while Plaintiff's initial disclosures reflect testing for brain injury, the results of that testing are not apparent. (*See* ECF No. 1-4 at 10.) Defendant has not carried its burden of showing that the amount in controversy exceeds $75,000 by a preponderance of the evidence.

Accordingly, the Court will remand this action for lack of subject matter jurisdiction.

**IV. CONCLUSION**

It is therefore ordered that this action is remanded. The Clerk is instructed to close this case.

DATED THIS 28th day of November 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE